Filed 4/30/15  In re D.M. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | B257229 (Los Angeles County Super. Ct. No. CK45086) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.T.,<br><br>Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County. Stephen Marpet, Court Commissioner.  Reversed.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Minor.

* * * * * *

The juvenile court asserted jurisdiction over D.M. based on allegations that both her father and mother were unfit.  Mother challenges (1) the sufficiency of the evidence supporting the juvenile court's jurisdictional finding as to her fitness, and (2) the court's subsequent dispositional order that mother participate in counseling and drug testing as part of a reunification plan.  We conclude that there was insufficient evidence to support the jurisdictional finding as to mother and that the terms of the court's dispositional order as to mother lack the requisite nexus to the conditions that led to the assertion of jurisdiction over D.M.  We accordingly reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, the Los Angeles County Department of Children and Family Services (Department) filed a petition seeking dependency jurisdiction over D.M. (born 2007), who was then in the custody of her father, R.M. (father).  The petition, once amended, alleged two bases for jurisdiction:  (1) that father had engaged in violent altercations with others in front of D.M., had a history of illicit drug use and currently abused marijuana, and was mentally and emotionally unstable, all of which placed D.M. at risk of serious physical harm within the meaning of Welfare and Institutions Code section 300, subdivisions (a) and (b)[1]; and (2) that M.T. (mother) had a history of drug abuse and did not reunify with two of her other children in 2002, which rendered her incapable of adequately protecting D.M. and thus placed D.M. at risk of serious physical harm within the meaning of section 300, subdivision (b).

The juvenile court sustained both allegations, but modified the allegation as to mother.  In light of evidence that mother had been attending Narcotics Anonymous and Alcoholic Anonymous classes as well as participating in a substance abuse program in Tijuana, Mexico, had tested "clean" on all of the drug tests administered during the pendency of D.M.'s petition, and had been capably caring for her then-two-and-a-half-year old son since his birth without incident, the court struck the portion of the petition

---

[1]     All further statutory references are to the Welfare and Institutes Code unless otherwise indicated.

alleging that mother's prior substance abuse rendered her "incapable of providing regular care and supervision" to D.M.

In its dispositional order, as well as part of its reunification plan, the court ordered mother (1) to participate in individual counseling and, if recommended by the therapist, conjoint counseling with D.M, and (2) to submit five "clean" weekly, random drug tests, with the option for additional tests if mother tested positive, missed a test, or otherwise appeared to be under the influence.

Mother timely appeals. Father did not.

## DISCUSSION

### I. The Jurisdictional Finding

Because "[t]he purpose of a dependency proceeding . . . is to protect the child, rather than prosecute the parent," a juvenile court's assertion of jurisdiction over a child is valid if it sustained as to *either* parent. (*In re Alysha S.* (1996) 51 Cal.App.4th 393, 397.) The juvenile court's jurisdictional finding against father—which no one contests on appeal—is accordingly sufficient to confer dependency jurisdiction over D.M. Courts nevertheless retain some discretion to review a jurisdictional finding, even if doing so would not rob the court of jurisdiction, if, among other reasons, that finding "serves as the basis for dispositional orders that are also challenged on appeal" or "could be prejudicial to the [parent against whom the finding is made] or could potentially impact the current or future dependency proceedings." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.) We will exercise that discretion in this case because mother is challenging the dispositional order and because an adverse finding in this case could impact future dependency proceedings involving her other children.

As pertinent to the allegations against mother in this case, section 300, subdivision (b) empowers a juvenile court to assert jurisdiction if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent . . . to adequately supervise or protect the child." (§ 300, subd. (b).) We review jurisdictional findings for

3

substantial evidence—that is, in the light most favorable to those findings and drawing all inferences to support them. (*In re John M.* (2013) 217 Cal.App.4th 410, 418.)

There was insufficient evidence that mother's past substance abuse and her failed reunification 12 years ago creates a substantial risk that D.M. will suffer "serious physical harm or illness." The Department concedes as much on appeal, and the juvenile court seemed to acknowledge as much when it referred to mother's substance abuse as "historical in nature" and went on to strike the petition's language that her historical abuse rendered her incapable of caring for D.M. The trial court also cited section 361.5, subdivision (b)(10),[2] as indicating that failures to reunify are relevant, but that provision determines when reunification services are to be provided once jurisdiction is asserted— not whether jurisdiction may be asserted in the first place. At bottom, the evidence indicated that mother had no current problem with substance abuse and that she was ably caring for her toddler. This constitutes insufficient evidence of risk, and the court's jurisdictional finding as to mother must be reversed.

## II.    The Dispositional Order

Our conclusion that the jurisdictional finding as to mother must be vacated does not, as mother contends, automatically entitle her to reversal of the dispositional order *as to her* because jurisdiction is still valid as to D.M. by virtue of the remaining, unchallenged finding against father. (Cf. *In re Isabella F.* (2014) 226 Cal.App.4th 128, 138, 141 [vacating dispositional order when all findings supporting jurisdiction over child are vacated]; *In re James R.* (2009) 176 Cal.App.4th 129, 131, 137 [same]; *In re David M.* (2005) 134 Cal.App.4th 822, 833 [same]; *In re Maria R.* (2010) 185 Cal.App.4th 48, 71 [same], overruled on other grounds by *In re I.J.* (2013) 56 Cal.4th 766.)

Where, as here, jurisdiction still exists over the child, the juvenile court has discretion to require both the child's parents—whether they are offending or non-

---

**2**    The court actually cited subdivision (b)(11), but that subdivision deals with prior terminations of parental rights, which did not occur in this case; subdivision (b)(10) deals with prior unsuccessful reunifications.

4

offending—to participate in educational and counseling programs that "the court deems necessary and proper." (§ 362, subd. (d); *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492 ["A jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established."].) This discretion exists whether the court is ordering reunification services with regard to a child removed from her parents (*In re Nolan W.* (2009) 45 Cal.4th 1217, 1228-1229 (*Nolan W.*)), or fashioning a case plan with regard to a child remaining in her parents' custody (*In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1220-1221 (*Christopher R.*); *In re A.L.* (2010) 188 Cal.App.4th 138, 145.) This discretion is "broad" (*Christopher R.*, at p. 1221), but it is "not unfettered" (*Nolan W.*, at p. 1229): The court's orders must be "'reasonable'" and, as is critical here, "'designed to eliminate those conditions that led to the [juvenile] court's finding that the child is a person described by Section 300'" (*ibid.*, quoting § 362, subd. (c); accord, *In re Jasmine C.* (2003) 106 Cal.App.4th 177, 180; *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006 (*Christopher H.*).)

In this case, the portions of the juvenile court's dispositional order requiring mother to participate in counseling and drug testing are arguably a reasonable means of assuring her eventual fitness to be reunified with D.M., particularly in light of mother's frank admission that she was still "working on recovery" and taking her care for her toddler "one day at a time." But those portions are entirely unrelated to the "conditions that led to the court's" jurisdictional finding. In light of our conclusion that the jurisdictional finding against mother must be vacated, the remaining jurisdictional finding rests solely on father's violence, emotional and mental instability, and substance abuse problems. Indeed, mother was not involved in D.M.'s life for several years prior to the filing of the petition in this case. Consequently, the requirements that mother be drug tested and participate in counseling are unrelated to why D.M. is subject to dependency jurisdiction.

5

The Department urges that *Christopher H.*, *supra*, 50 Cal.App.4th 1001, empowers a juvenile court to impose requirements in a dispositional order that would remove "obstacle[s] to reunification," even if they do not seek to eliminate the reasons for the court's assertion of jurisdiction. (*Christopher H.*, at p. 1008.) Although *Christopher H.* upheld a requirement that father participate in a drug counseling program even though the juvenile court had declined to make a jurisdictional finding on that basis, the juvenile court in *Christopher H.* had made other jurisdictional findings against father. *Christopher H.* thus had no occasion to deal with the situation we face here—namely, the imposition of requirements on a parent against whom there are no other jurisdictional findings and who in no way contributed to the endangerment of the child that justified the court's dependency jurisdiction. We must accordingly adhere to the general rule requiring a nexus between the requirements set forth in the dispositional order and the conditions leading to the assertion of jurisdiction, and reverse because that nexus is absent here.

## DISPOSITION

We reverse the juvenile court's jurisdictional and dispositional findings as to mother only.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.

HOFFSTADT

We concur:

_____, P. J.

BOREN

_____, J.

CHAVEZ

6